IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:25-CR-00214-RAH-CWB |
| | ) | |
| ALEXANDROS KONSTANTINOS | ) | |
| GIKAS | ) | |

## <u>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>

This is a criminal case. It is not a civil case. A grand jury found that the Defendant, Alexandros Gikas, was part of a criminal conspiracy to advertise and to distribute child pornography that took place in part in the Middle District of Alabama. The United States will prove this at trial. This proof will comport with the rules of conspiracy venue that have been long established by the Eleventh Circuit.

The Defendant nevertheless now moves to dismiss the Superseding Indictment, contending that this Court is an improper venue and that it lacks "personal jurisdiction." ECF No. 95 ("Motion" or "Mot."). But the Defendant's Motion seems to confuse this criminal case with a civil case. It does so in at least two ways.

First, call it what it is: this is a motion for summary judgment in disguise. A criminal defendant may challenge venue in a pretrial motion, but such challenges are limited to attacks on the face of the indictment. Here, in contrast, the Defendant argues that venue is improper based on his view of *facts* that appear nowhere in the Superseding Indictment.

But the Defendant goes much further than that. He asks this Court for a pretrial determination that there was no conspiracy at all. His Motion thus demands summary judgment on the *merits* of this case.

These arguments ignore elementary notions of criminal procedure. Eleventh Circuit precedent holds that there is no summary judgment procedure in criminal cases and it is reversible error for a court to impose one. This Court should decline the Defendant's invitation to commit reversible error.

Second, apparently realizing that his venue challenge is doomed, the Defendant repackages it under the label of "personal jurisdiction." But the theory of "personal jurisdiction" he presents is one that applies in civil cases. He also relies primarily on inapposite civil case law involving personal jurisdiction in civil lawsuits.

Personal jurisdiction in criminal cases, in contrast, is clearly present here. This Court has subject-matter jurisdiction over this case and the Defendant was brought before it on a validly issued arrest warrant. Nothing more is needed to establish personal jurisdiction.

Overall, the law of venue in conspiracy cases is simple and straightforward. Venue is proper in this district if an act in furtherance of the charged conspiracy took place here. At trial, the United States will prove this. The Defendant's attempts to undermine these clear and well established rules fail, and his Motion should be denied in full.

## I.    <u>Background</u>

This prosecution concerns what will be referred to here as the "Website," which was an online forum dedicated to child pornography and the discussion of child sexual abuse. It operated over an internet network dedicated to security and anonymity and had a large number of users. Users had to register accounts in order to access the Website, and the Website posted rules that specified the types of child pornography permitted and in the manner in which it should be posted.

The Defendant maintained a user account on the Website, he advertised and distributed child pornography over it in accordance with the Website's rules, and he ultimately attained an

elevated status based on his contributions. The FBI traced that user account to the Defendant's home in Irvine, California. A search warrant at his home resulted in the seizure of devices containing child pornography, links to the Website, and evidence linking the Defendant to his profile on the Website. The FBI also seized devices from the Defendant that are fully encrypted and have not yet been accessed.

A grand jury sitting in this district returned a Superseding Indictment against the Defendant charging him and two others—including Jacob Parker of Auburn, Alabama—with conspiracy to advertise and to distribute child pornography in violation of 18 U.S.C. §§ 2251(d) and (e) and 2252A(a)(2) and (b)(1). ECF No. 23. The Superseding Indictment alleges that the Defendant and his coconspirators engaged in this conduct "in Lee County, within the Middle District of Alabama and elsewhere…." *Id.* at 1-2.

Parker was a high-ranking staff member of the Website. He has since pleaded guilty to conspiracy to advertise child pornography and, as part of his plea, admitted that he moderated the Website and shared child pornography over it from his home in Auburn. ECF Nos. 81 at 7-10, 89.

The Defendant was arrested in the Central District of California while he was in the process of moving to Nevada. He was ordered detained by this Court, transferred to the Middle District of Alabama, and made his initial appearance here. ECF Nos. 56, 96, 102, 103.

## II. <u>Argument</u>

The Defendant now seeks dismissal of the Superseding Indictment based on supposed improper venue and lack of personal jurisdiction. His arguments are not supported by law.

### a. <u>The Defendant's Motion to Dismiss for Improper Venue Fails</u>

Venue "is an essential element of the government's proof at trial," and "[a]s with resolving other important elements contained in a charge, a jury must decide whether the venue was proper."

3

*United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010). During a criminal trial, therefore, the government must prove proper venue, but only by a preponderance of the evidence and not beyond a reasonable doubt. *See, e.g., United States v. Nicholson*, 24 F.4th 1341, 1350 (11th Cir. 2022).

A defendant may bring a pretrial motion to challenge improper venue under Rule 12(b)(3)(A)(i), but only if "the motion can be determined without a trial on the merits." This means that pretrial venue challenges are limited to *facial* challenges to the indictment and cannot be based on contested facts. *See, e.g., United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) ("By now it has become well-established that the sufficiency of a criminal indictment is determined from its face.") (quoting *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2014)) (cleaned up). It is "well-settled that a court may not dismiss an indictment on a determination of facts that should have been developed at trial." *Id.* (quoting *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987)) (cleaned up).

The Eleventh Circuit made this principle of law crystal clear in *Snipes*, in which the defendant argued that the district court erred by not allowing him to challenge venue based on facts developed in a pretrial hearing. 611 F.3d at 865. He claimed that his venue challenge included a "constitutional dimension." *Id.* The Eleventh Circuit rejected this argument, finding that "the grand jury returned a facially sufficient indictment, with a clear statement of venue," and that "[a]n indictment returned by a legally constituted and unbiased grand jury … if valid on its face, is enough to call for a trial on the merits." *Id.* at 866 (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)). The district court thus correctly rejected the defendant's request for a pretrial determination of venue, and the holding further notes that "[t]o permit preliminary trials on essential facts, post-indictment, would run counter to the whole history of the grand jury institution, and would add interminable delay but add nothing to the assurance of a fair trial." *Id.*

4

(quoting *Costello*, 350 U.S. at 363-64) (cleaned up); *see also United States v. Jones*, 786 F. App'x 907, 909 (11th Cir. 2019) (affirming dismissal of pretrial motion to dismiss for improper venue because it did not challenge the "facial adequacy of the indictment" but instead sought a "factual determination … that must be made by the jury based on evidence developed at trial"); *United States v. Ruiz-Murillo*, 736 F. App'x 812, 818 (11th Cir. 2018) (same; noting that "[i]f a grand jury returns a facially valid indictment containing a proper statement of venue, pretrial determination of venue on the merits is improper because the issue is reserved for the jury's determination").

Here, the Grand Jury returned a valid indictment against the Defendant with a valid statement of venue on its face. Specifically, Count One of the Superseding Indictment charges the Defendant with conspiring to advertise child pornography "in Lee County, within the Middle District of Alabama and elsewhere"; Count Two, which charges the Defendant with conspiracy to distribute child pornography, includes an identical venue allegation. ECF No. 23 at 1-2. Under *Snipes* and the other authorities cited above, this is all the Defendant is permitted to challenge under Rule 12(b). And because the Superseding Indictment is facially sufficient and contains a clear statement of venue, the Defendant's pretrial challenge must be rejected.

The Motion, however, ignores the clear caselaw regarding the limits of a Rule 12(b) pretrial motion and goes far beyond a mere facial challenge to the indictment. He challenges venue based on his own assessment of the facts and evidence. For example, he argues that he is entitled to relief based on the alleged location where he accessed the Website, where he "uploaded and downloaded files," and the location of his "equipment," "internet service," "devices," "IP address," and "provider." Mot. at 13. None of these facts appear on the face of the Superseding Indictment.

But the Motion goes even further than that. It does not just ask the Court to resolve facts as to the Defendant's location at the time of his crimes. It asks the Court to find—once again, on

nothing more than the Defendant's own self-serving and inaccurate description of the evidence—that no conspirator took any overt act in furtherance of the charged conspiracy in the Middle District of Alabama.  Mot. at 13-14 ("no overt act in furtherance of the agreement occurred in this district").  If that were not enough, the Motion then goes even further and appears to ask this Court for a pretrial determination that there was no conspiracy that included him and Jacob Parker at all. *See, e.g.,* Mot. at 9 ("the mere fact that multiple individuals engaged in similar conduct does not establish a conspiracy among them"), 14 ("The only overlap [between the Defendant and Jacob Parker] is that both allegedly used the same foreign website—conduct that, standing alone, is not evidence of a shared plan or mutual understanding.  Parallel use of an online platform does not transform independent actions into a common enterprise"), 17 ("there is no evidence that Mr. Gikas had any agreement with Parker or even knew of Parker's existence.  The mere fact that they used the same platform does not prove that they agreed with each other to commit crimes…")

This is nothing more than a request for summary judgment in this criminal case.  The Defendant is asking for a summary judgment not just on facts regarding venue, but on facts regarding the merits of the charges in the Superseding Indictment.  Put differently, he essentially asks this Court to stand in the shoes of the jury and resolve factual disputes regarding the United States' evidence, and all before a trial date has even been set.

This is improper and plainly prohibited by well established Eleventh Circuit case law.  Although the Federal Rules of *Civil* Procedure permit pretrial summary judgment motions, the Rules of Criminal Procedure do not.  *Compare* Fed. R. Civ. P. 56, *with* Fed. R. Crim P. 1-62.  And the Eleventh Circuit and other courts have repeatedly *reversed* district courts that applied the summary-judgment-type procedure that the Defendant is requesting here.  In *United States v. Critzer*, for example, the district court dismissed an indictment before trial based not on an

infirmity on the face of the indictment, but on facts proffered by the United States in response to a pretrial motion.  951 F.2d 306, 307 (11th Cir. 1992) (per curiam).  The Eleventh Circuit held that "[t]here is no summary judgment procedure in criminal cases.  Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. …   The sufficiency of an indictment is determined from its face."  *Id.*  Because the district court disregarded these rules, the Eleventh Circuit reversed its dismissal order.

The district court in *United States v. Salman* likewise erred by dismissing an indictment pretrial based on certain "undisputed facts" not included in the indictment.  378 F.3d 1266, 1267 (11th Cir. 2004) (per curiam).  The Eleventh Circuit again reversed, finding that "[b]y looking beyond the face of the indictment and ruling on the merits of the charges against Salman, the district court in effect granted summary judgment in favor of the defendant."  *Id.*  Because the defendant was properly indicted, "the government is entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29.  A motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency of the evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure."  *Id.* at 1268 (internal citation omitted); *see also Sharpe*, 438 F.3d at 1262-64 (reversing district court that improperly considered evidence outside the face of the indictment in a Rule 12(b) challenge).

There is no venue exception to this rule that prohibits pretrial determination of merits questions in criminal cases.  This is reflected in the Ninth Circuit case of *United States v. Jensen*, in which the district court dismissed two indictments before trial for improper venue based on evidence that was not included in the indictments themselves.  93 F.3d 667, 669 (9th Cir. 1996).  The Ninth Circuit reversed, relying in part on the Eleventh Circuit's *Critzer* decision.  It held that

"[b]y basing its decision on evidence that should only have been presented at trial, the district court in effect granted summary judgment for the defendants.  This it may not do."  *Id.*

To the extent that the Defendant claims that this procedure could theoretically result in cases being brought to trial with evidentiary deficiencies, the Eleventh Circuit has already considered and dismissed that concern:

> *The district court's supervisory authority to dismiss indictments cannot be anchored to a kind of criminal summary judgment procedure.  We recognize that our system of criminal procedure may result in legally meritless cases being sent to trial, but absent further legislative direction, it is not for the courts to filter which criminal cases may reach the trial stage by reviewing the proffered evidence in advance.*

*Salman*, 378 F.3d at 1268-69.

In light of this clearly established law, it is unsurprising that numerous district courts in this circuit have denied defendants' motions to dismiss for improper venue when those motions relied on facts outside the face of the indictment.  *See, e.g., United States v. Jones*, 2017 WL 727033, at *1-2 (M.D. Ala. Feb. 23, 2017) ("whether the government's evidence is adequate to support venue, although a legal issue, must await trial"); *United States v. Okorie*, 2024 WL 1726268, at *3-4 (N.D. Ala. Mar. 29, 2024) (Magistrate Judge Report and Recommendation) (refusing to look beyond the indictment's allegations of venue and noting that "while it appears that the defendant and the government may disagree at trial on the legal question of what evidence can prove venue in a money laundering conspiracy case …, both under *Snipes* and practically speaking, the court should not—indeed, cannot—decide that question in the abstract on a pretrial motion"), *adopted by district court*, 2024 WL 1722515 (N.D. Ala. Apr. 22, 2024); *see also United States v. Maxwell*, 2016 WL 10651090, at *1-2 (M.D. Ga. Aug. 26, 2016) (denying pretrial venue challenge based on face of indictment alone).

The Court should decline the Defendant's invitation to commit reversable error by

rendering judgment—not just on venue, but on the merits—before trial and based on nothing other than the Defendant's self-serving and inaccurate characterizations of the evidence.[1]    The Defendant's arguments for dismissal on supposedly improper venue should be rejected in full.

### b. The Defendant's Efforts to Rebrand his Criminal Venue Challenge as One of "Personal Jurisdiction" Must Be Rejected

In an apparent attempt to sidestep this controlling case law regarding venue, the Defendant repackages his venue challenge as one of "personal jurisdiction."    His arguments rely on his supposed lack of connections to the state of Alabama.  *See, e.g.*, Mot. at 11-13.

This argument relies on factors that out-of-state defendants frequently assert to contest personal jurisdiction in *civil* cases.    In civil cases, courts can exercise personal jurisdiction over a nonresident defendant only when they have "minimum contacts" with the forum state, and if doing so is consistent with the long-arm statute of that state.  *See, e.g., ECB USA, Inc. v. Savencia Cheese USA, LLC*, 148 F.4th 1332, 1340-42 (11th Cir. 2025).    The Federal Rules of Civil Procedure explicitly allow defendants to move pretrial to argue lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  The cases that the Defendant relies on in support of his personal-jurisdiction argument are overwhelmingly civil and apply these civil concepts.  For example, he cites and relies on the following cases:

- A civil *Bivens* action in which a plaintiff sought money damages against a government employee for alleged deprivation of rights through "tortious" conduct (and which does

---

[1]  Suffice it to say that the United States disputes large portions of the Defendant's characterization of the evidence.  Consistent with regular procedure and the case law cited above, however, it sees no need to present a counter-statement of the evidence.  In fact, the Eleventh Circuit has admonished prosecutors for doing so.  *See, e.g., Critzer*, 951 F.2d at 307 (noting that in responding to a pretrial motion to dismiss, the government "gratuitously listed the facts that it expected to prove at trial and explained how those facts constituted the offenses charged," which was an "implied invitation" for the district court to improperly consider them).  To the extent that a different procedure can be established by consent of the parties, *see id.* at 308 n.2, the United States does not consent to it.

not involve, as the Defendant claims, a "criminal defendant"). *Walden v. Fiore*, 517 U.S. 277, 279-281 (2014) (cited in Mot. at 7, 11-12, 20).

- A civil lawsuit in which a high-end handbag seller bought trademark-infringement claims against a seller of counterfeit goods. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1343-45 (11th Cir. 2013) (cited in Mot. at 10-13, 20).

- A civil action in which an "exotic cat breeding business" brought defamation claims— originally in state court—against parties that had made disparaging comments about it on a website. *Johnson v. Arden*, 614 F.3d 785, 787-88 (8th Cir. 2010) (cited in Mot. at 10, 19).

- A civil case in which a company holding a patent over a portable computer used to keep golf-related information sued another company for patent infringement. *Roblor Marketing Group, Inc. v. GPS Industries, Inc.*, 645 F. Supp. 2d 1130, 1135-36 (S.D. Fla. 2009) (cited in Mot. at 11).

This, however, is a *criminal* case. And outside the extradition context, personal jurisdiction in criminal cases is extremely straightforward. If a court has subject-matter jurisdiction over an indictment and the defendant is brought before it on that indictment, the court has personal jurisdiction over that defendant. For example, the Supreme Court, in assessing a district court's jurisdiction, has held that the district court "had jurisdiction over the subject matter, to wit, an alleged violation of a federal conspiracy statute, *and, of course, of the persons charged*. This made the trial take place before 'a competent tribunal': a court authorized to render judgment on the indictment." *United States v. Williams*, 341 U.S. 58, 65-66 (1951). The Eleventh Circuit has held similarly. The defendant in *United States v. Rendon* was arrested by the U.S. Coast Guard on a vessel in international waters in the Pacific Ocean and claimed to have departed from Colombia.

354 F.3d 1320, 1322-23 (11th Cir. 2003).  After his arrest, he was brought to Florida for prosecution on drug-trafficking offenses.  On appeal, the Eleventh Circuit rejected his challenge to the district court's exercise of personal jurisdiction over him, holding that "[a] federal district court has personal jurisdiction to try *any defendant* brought before it on a federal indictment charging a violation of federal law." *Id.* at 1326 (emphasis added).  In a conspiracy case, an overt act in a particular judicial district is "sufficient to confer jurisdiction" over the entire conspiracy. *United States v. Schlei*, 122 F.3d 944, 975 (11th Cir. 1997).

Courts all across the country have held similarly in criminal cases.  For example, the Second Circuit has held that "[w]hen a District Court has subject matter jurisdiction over the criminal offenses charged, it has personal jurisdiction over the individuals charged in the indictment and present before the court to answer those charges." *United States v. McLaughlin*, 949 F.3d 780, 781 (2d Cir. 2019); *see also United States v. Harris*, 991 F.3d 552, 557 (4th Cir. 2021) ("Personal jurisdiction over a criminal defendant is established by the presence of the defendant before the court.  Harris was physically present before the district court for his criminal trial, and that was enough to give the court personal jurisdiction over him with respect to all counts of the indictment.") (internal citations omitted); *United States v. Marks*, 530 F.3d 799, 810-11 (9th Cir. 2008) ("the district court had personal jurisdiction over Marks by virtue of Marks' having been brought before it on a federal indictment charging a violation of federal law"); *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005) ("Personal jurisdiction is supplied by the fact that Burke is within the territory of the United States.  Whether he came to this nation in a regular manner does not affect the court's authority to resolve the criminal charges against him."); *United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991) ("It is well settled that a district court has *personal* jurisdiction over any party who appears before it, regardless of how his appearance was obtained.")

(emphasis in original).[2]

*None* of these decisions involve any civil-law-type analysis of the defendant's contacts with the district of prosecution. And yet in each case, the court upheld a district court's exercise of personal jurisdiction over a criminal defendant.

The only criminal case law on which the Defendant relies is inapposite and does not analyze personal jurisdiction. He cites the Fourth Circuit case of *United States v. Johnson* for the supposed proposition that "venue cannot rest of the effects of internet conduct not directed toward the forum state." Mot. at 11 (citing *Johnson*, 510 F.3d 521 (4th Cir. 2007)). But *Johnson* is not a conspiracy case and it does not stand for this proposition. Instead, *Johnson* involved a Nevada-based defendant who was alleged to have made a false electronic filing with the Securities and Exchange Commission, which is based in Washington, D.C. 510 F.3d at 523-24. Unbeknownst to the defendant, the SEC's computer servers that received his filing were located in the Eastern District of Virginia, and he was indicted there. *Id.* The Fourth Circuit found venue for securities fraud proper in the Eastern District of Virginia because the defendant transmitted his allegedly false filings to that district. *Id.* at 525. At no point does *Johnson* claim to make a grand pronouncement about the limits of venue in cases involving "internet conduct," nor does it address personal jurisdiction at all.

The Defendant also misconstrues another Fourth Circuit case—*United States v. Bowens*—

---

[2]  The only circumstance the United States can find in which the Eleventh Circuit has grappled with a district court's exercise of personal jurisdiction over a criminal defendant involves defendants who were brought to this country by means of an extradition treaty. *See, e.g., United States v. Puentes*, 50 F.3d 1567, 1572-74 (11th Cir. 1995). The Defendant, of course, was not. And this rule is limited to defendants who were in fact extradited, not just those who might have theoretically been covered by an extradition treaty. A district court may, for example, exercise personal jurisdiction over a defendant who was kidnapped from his home country and brought to the United States, despite the existence of an extradition treaty between that country and the United States. *See United States v. Alvarez-Machain*, 504 U.S. 655, 657 (1992).

and claims that it represents a limit on the prosecution of a defendant "in a distant jurisdiction with which he has no meaningful contacts."  Mot. at 7 (citing *Bowens*, 224 F.3d 302 (4th Cir. 2000)). *Bowens* does not even contain the word "contacts," much less "meaningful contacts," and it contains no discussion of "personal jurisdiction."  Instead, the court determined that venue for the offense of harboring a fugitive under 18 U.S.C. § 1071 lies in the district where acts of harboring took place, not in the district where the warrant for that fugitive was issued.  224 F.3d at 308-11. In so holding, the Fourth Circuit looked to the "essential conduct elements" of the offense, not some amorphous sense of the defendant's "contacts" or "personal jurisdiction."  *Id.*

All in all, the Motion does not include any authority, from any jurisdiction, in which a court dismissed an indictment against a criminal defendant because a supposed lack of contacts with the forum state failed to establish "personal jurisdiction."  There is little wonder why.  As noted above, the Eleventh Circuit and other courts have made absolutely clear that a criminal defendant cannot litigate venue before trial based on facts outside the face of the indictment.  This is because venue is part of the government's case at trial, and this type of pretrial litigation would introduce a summary-judgment procedure into criminal cases when none is allowed.  In response to this, the Defendant appears to have simply borrowed the concept of "personal jurisdiction" from civil cases—in which personal jurisdiction *may* be litigated pretrial—defined it to mean virtually the same thing as criminal venue, and asked this Court for a pretrial ruling on contested facts.  None of this changes the simple facts that he is asking for summary judgment and the Eleventh Circuit has repeatedly ruled that granting such a request is reversible error.

The Motion also utterly ignores a dispositive consideration: the Defendant *does* have a clear connection to Alabama because the grand jury found that he committed a crime here.  "[T]he offense of conspiracy is 'committed' in any district in which an overt act is performed in

furtherance of the conspiracy." *United States v. Lewis*, 676 F.2d 508, 511 (11th Cir. 1982). Committing a crime in a state is self-evidently a "connection" to it. And while the Defendant may dispute that he committed this crime at all, much less in Alabama, that is a question for the jury. The Defendant's "personal jurisdiction" arguments should thus be rejected.

### c.  The Charges Against the Defendant Rely on Straightforward Application of Well-Established Venue and Conspiracy Law

The United States' theory of venue in this case is simple and fully supported by case law. At trial, the United States will prove that the Defendant was a member of a conspiracy to advertise and to distribute child pornography, that Jacob Parker was a member of the same conspiracy, and that Parker took at least one act in furtherance of that conspiracy within this district.

The law requires nothing more. "[I]n an action involving a conspiracy, as with all continuing offenses under 18 U.S.C. § 3237(a), the offense has been committed in any district where any overt act was performed in furtherance of the conspiracy." *United States v. Bradley*, 644 F.3d 1213, 1253 (11th Cir. 2011). It is not even necessary for that act to have been performed by another full member of the conspiracy. "To satisfy the venue requirement, an overt act may be committed by any conspirator, anyone who aids or abets a conspirator, or anyone a conspirator causes to act." *Id.* at 1254 n.87. As long as these standards are satisfied, it is immaterial that a conspiracy may have mostly taken place outside the district of prosecution. *See United States v. Matthews*, 168 F.3d 1234, 1246 (11th Cir. 1999).

The Defendant's arguments in response have no merit. *First*, the Defendant encourages this Court to disregard well established rules of conspiracy law and venue. At one point in his Motion, he appears to agree that venue for a criminal conspiracy lies in any district where an overt act in furtherance of that conspiracy took place. *See* Mot. at 9 (citing *United States v. Smith*, 918 F.2d 1551, 1557 (11th Cir. 1990)). This is indeed the law in this circuit and has been for decades.

14

*See, e.g., Bradley*, 644 F.3d at 1253; *Matthews*, 168 F.3d at 1246; *United States v. Shearer*, 794 F.2d 1545, 1550-51 (11th Cir. 1986).

But later in this motion, he asks this Court to reject this *exact principle of law—i.e.*, that "any member of any multi-district conspiracy could be prosecuted in any district where any overt act by any conspirator occurred, regardless of whether the particular defendant had any connection to that district"—because it would supposedly "eliminate the venue requirement in conspiracy cases." Mot. at 16. In making this argument, the Defendant is simply asserting that the Eleventh Circuit is *wrong*. This he may not do.

Elsewhere in his Motion the Defendant claims that "venue over each defendant must be established independently, based on where that defendant's conduct occurred." Mot. at 15. Once again, this argument is in conflict with decades of Eleventh Circuit case law concerning conspiracy venue and would eviscerate the United States' ability to prosecute conspiracies spanning multiple states. The sole authority on which he relies for this proposition—the Supreme Court's decision in *United States v. Cabrales*—goes out of its way to make clear that it is *not* a conspiracy case. 524 U.S. 1, 7 (1998) ("Notably, the counts at issue do not charge Cabrales with conspiracy; they do not link her to, or assert her responsibility for, acts done by others.").

*Second*, the Defendant's arguments rely on proffered facts that are irrelevant to venue. For example, he disputes that he "ever communicated with [Parker], coordinated with him, knew him, or had any awareness of his existence or location." Mot. at 2, 5 (claiming "no evidence that Mr. Gikas was aware of [his co-defendants'] existence or had any interaction with them whatsoever prior to the return of the indictment"). He further argues that he has never "set foot in Alabama" and that all his alleged conduct took place in California. *Id.* at 1, 13.

But the law is clear that the Defendant does not need to have known who Parker was or

communicated with him directly. "A conspirator need not know all the members or details of a conspiracy to be held liable as a conspirator. The government need prove only the existence of a conspiracy and a participatory link with the defendant." *United States v. Knowles*, 66 F.3d 1146, 1159 (11th Cir. 1995). Nor must the Defendant have "set foot" in Alabama to be prosecuted for conspiracy here. The Supreme Court held more than a century ago, in a case addressing venue in conspiracy cases, that

> ...there may be a constructive presence in a state, distinct from a personal presence, by which a crime may be consummated. And if it may be consummated, it may be punished by an exercise of jurisdiction; that is, a person committing it may be brought to trial and condemnation. And this must be so if we would fit the laws and their administration to the acts of men, and not be led away by mere "bookish theorick."

*Hyde v. United States*, 225 U.S. 347, 362-63 (1912); *see also United States v. Brasher*, 962 F.3d 254, 263 (7th Cir. 2000) (Kentucky-based defendant "may be said to have conspired with those dealers operating in Indiana even if he never set foot there on conspiracy business"); *United States v. Rodriguez-Lopez*, 756 F.3d 422, 430 (5th Cir. 2014) ("Venue may be proper in districts in which conspirators 'have never set foot.'") (quoting *United States v. Winship*, 724 F.2d 1116, 1125 (5th Cir. 1984)); *United States v. Acosta-Gallardo*, 656 F.3d 1109, 1119 (10th Cir. 2011) (conspiracy venue proper in district in which defendant "never set foot"); *Johnson*, 510 F.3d at 524 (venue may be proper in location "in which the defendant has never set foot") (quoting *United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005)).

This principle does not just extend to other coconspirators in the United States. "It is well settled that the government has the power to prosecute every member of a conspiracy that takes place in United States territory, *even those conspirators who never entered the United States*." *United States v. Inco Bank & Trust Corp.*, 845 F.2d 919, 920 (11th Cir. 1998) (emphasis added).

And as long as one overt act in furtherance of the conspiracy took place in this district, it

is immaterial if the majority of the conspiracy took place elsewhere. *See, e.g., Matthews*, 168 F.3d at 1246; *United States v. Dabbs*, 134 F.3d 1071, 1078-79 (11th Cir. 1998) ("The appellants … contend that venue is proper where the majority of the overt acts occurred. Appellants provide no authority for this proposition, and we reject it as contrary to this court's precedent."); *see also Shearer*, 794 F.2d at 1550-51 (venue proper in district that coconspirators traveled through while committing acts in furtherance in conspiracy).

*Third*, the Defendant misrepresents the United States' theory of venue. He claims, for example, that venue against him is somehow based on Parker's "residence" and nothing more. *See* Mot. at 14-15. It is true that the location of Parker's residence, without more, would not even establish conspiracy venue over *Parker*.

But contrary to the Defendant's suggestions, Parker's residence is obviously significant because that is where he took acts in furtherance of the conspiracy, such as administering the Website, acquiring child pornography, and storing child pornography from the Website. The Defendant's attempts to claim otherwise, or that venue is based only on where Parker's house happened to be, are disingenuous.

*Fourth*, the Defendant offers what he considers to be a "better" legal test for the Court to apply in this case, one in which venue in conspiracy cases should be limited to "acts by co-conspirators in the district that were reasonably foreseeable to that defendant and committed in furtherance of an agreement with that defendant." Mot. at 16. This is not the law.

The statute providing venue over criminal conspiracies, 18 U.S.C. § 3237(a), includes no foreseeability requirement. And in determining whether an overt act can establish venue for a conspiracy, the Eleventh Circuit does not look to whether the *location* of that act was reasonably foreseeable to any particular defendant. *United States v. Schlei*, for example, involved an

extended, complex financial conspiracy that took place significantly in California and Japan. 122 F.3d 944, 952-65 (11th Cir. 1997). The Eleventh Circuit found venue for conspiracy to possess and deliver counterfeit bank notes proper in the Middle District of Florida based on a single coconspirator's possession of a bank note in Tampa. *Id.* at 974-75. It so held despite the defendant's claims that he "had no direct contact" with the conspirator who possessed the note and he was supposedly "unaware" that that conspirator had been hired to sell bank notes. *Id.* The court undertook no analysis of whether the coconspirator's possession of the bank note in Tampa was foreseeable to the defendant.

Numerous other courts have directly considered and rejected the type of foreseeability requirement for which the Defendant advocates. For example, in *United States v. Renteria*, the Third Circuit expressly rejected the argument that venue in a conspiracy prosecution must be foreseeable to an individual defendant. 903 F.3d 326, 327 (3d Cir. 2018). Specifically, it held that foreseeability is required neither by the Constitution nor by § 3237(a), that there is no reason to judicially create such a requirement, and that concerns of unfairness or hardship do not control because the defendant will still be tried in a venue where the offense took place. *Id.* at 329-31; *see also United States v. Gonzalez*, 683 F.3d 122, 1226 (9th Cir. 2012) ("Simply put, section 3237(a) does not require foreseeability to establish venue for a continuous offense" such as conspiracy); *Johnson*, 510 F.3d at 525, 527 (finding that a venue provision "similar" to § 3237(a) contained no foreseeability requirement; "we decline the invitation to judicially engraft a mens rea requirement onto a venue provision that clearly does not have one").[3]

In addition to not being required by statute or case law, there are myriad practical reasons

---

[3] It appears from the United States' research that only the Second Circuit has adopted a foreseeability requirement for venue. *See United States v. Svoboda*, 347 F.3d 471, 483 (2d Cir. 2003). The Second Circuit has since admitted, however, that this ruling was "without extensive analysis." *United States v. Tang Yuk*, 885 F.3d 57, 69 n.2 (2d Cir. 2018).

against imposition of a foreseeability requirement in conspiracy cases. For example, it would require the United States to bring multiple indictments in multiple cases on highly similar and perhaps near-identical facts and evidence. Witnesses would undoubtedly need to testify on the same topics at different times in different districts. And if these multiple district courts issued conflicting rulings on common issues, the gross inefficiencies would infect the appellate courts.

In addition, such a rule would create incentives for worse criminal behavior. The conspirators in this case used sophisticated technology so none of them would know each other's identity or location. A foreseeability requirement would make prosecuting conspiracies in locations like the Website near-impossible. A foreseeability requirement would thus *reward* sophisticated online child pornography offenders by making cases against them—which are already more difficult to investigate in the first place—even more difficult to prosecute.

### d. The Defendant Provides No Basis for His Throwaway Argument to Transfer Venue to California

In the very last sentence of the Motion, under the heading "CONCLUSION," the Defendant asks for the first time for the Court to transfer this case to the Central District of California under Federal Rule of Criminal Procedure 21(b). He offers neither any case law for this request nor any facts that would supposedly justify it. By making only a "passing reference" to this argument in his brief, he has waived it. *See, e.g., Walter Intern. Productions, Inc. v. Salinas*, 650 F.3d 1402, 1413 n.2 (11th Cir. 2011). But even if not waived, his argument still fails. "A criminal defendant does not have a constitutional right to be tried in the district encompassing his residence." *United States v. Kopituk*, 690 F.2d 1289, 1322 (11th Cir. 1982). The Defendant fails to identify the location of any piece of evidence, the location of any witness, or any conceivable efficiency that would arise from a transfer—especially given that this Court has already presided over the convictions of two conspirators and will preside over their sentencings. There is thus no basis to

grant him relief.

### III.    <u>**Conclusion**</u>

For these reasons, this Court should deny the Motion in its entirety.

Respectfully submitted,

STEVEN J. GROCKI
CHIEF

_____*/s/ Kyle P. Reynolds*_____
Kyle P. Reynolds
Acting Deputy Chief
Child Exploitation and Obscenity Section
U.S. Dept. of Justice, Criminal Division
Authorized to Practice Under L.R. 83.1(c)
1301 New York Avenue, N.W.
Washington, DC 20005
Tel: (202) 616-2842
Kyle.Reynolds@usdoj.gov

Tara S. Ratz
J. Patrick Lamb
Assistant United States Attorneys
131 Clayton Street
Montgomery, Alabama 36104
Tel: (334) 223-7135
Tara.Ratz@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:25-CR-00214-RAH-CWB |
| | ) | |
| ALEXANDROS KONSTANTINOS | ) | |
| GIKAS | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I, Kyle P. Reynolds, hereby certify that on this 24th day of October, 2025, I electronically filed the foregoing with the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Respectfully submitted,

_____*/s/ Kyle P. Reynolds*_____
Kyle P. Reynolds
Acting Deputy Chief
Child Exploitation and Obscenity Section
U.S. Dept. of Justice, Criminal Division
Authorized to Practice Under L.R. 83.1(c)
1301 New York Avenue, N.W.
Washington, DC 20005
Tel: (202) 616-2842
Kyle.Reynolds@usdoj.gov